**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| PAUL MARKLAND, | Civil No. 05-4708 (FLW) |
| Petitioner, |  |
| v. | **OPINION** |
| WARDEN JOHN NASH, et al., |  |
| Respondents. |  |

**APPEARANCES:**

    PAUL MARKLAND, Plaintiff <u>pro</u> <u>se</u>
    # 18986051
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640

    Christopher J. Christie, United States Attorney
    J. Andrew Ruymann, Assistant U.S. Attorney
    402 East State Street
    Room 430
    Trenton, New Jersey  08608

**WOLFSON, District Judge**

    Petitioner, Paul Markland ("Markland"), a federal prisoner confined at F.C.I. Fort Dix in Fort Dix, New Jersey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner asks the Court to correct a clerical error of a "<u>nunc</u> <u>pro</u> <u>tunc</u>" sentence.  He also asks that the Court take judicial notice of an administrative decision rendered by the United States Citizenship and Immigration Service and schedule an evidentiary hearing on the issue of his naturalization.  The

named respondents are the Warden John Nash at F.C.I. Fort Dix; and the Immigration and Naturalization Service.

On November 28, 2005, the respondents filed a motion to dismiss this action for lack of jurisdiction.  Petitioner responded by filing a counter-motion to grant his petition for habeas relief.  The Court has reviewed the written submissions of the parties and considers the motions pursuant to Fed.R.Civ.P. 78.

For the reasons stated below, the Court will deny respondents' motion to dismiss with respect to petitioner's claim regarding the computation of his sentence and award of pre-custody credits.  The respondents will be directed to answer the petition and provide the relevant record with respect to this claim within 30 days.  However, the Court will grant respondents' motion to dismiss with respect to the derivative citizenship claim and the detainer claim.  Petitioner's counter-motion will be denied without prejudice with respect to his claim challenging the execution of his sentence.  As to the remaining claims, Markland's counter-motion is denied with prejudice.

I.   BACKGROUND

A.   Markland's Challenge to His Sentence

In 1996, while residing in the state of Georgia, Markland was arrested on cocaine trafficking charges.  He was sentenced in state court to a twenty year prison term, which he began serving

on July 27, 1999.  On October 29, 2002, the United States District Court for the District of New Mexico sentenced Markland to 120 months in prison pursuant to his guilty plea on a charge of conspiracy to possess with the intent to distribute over 50 grams of cocaine.  This sentence was to run concurrent with the Georgia state sentence.  Specifically, the federal judgment of conviction provides that Markland was to be imprisoned for 120 months to "run concurrently to sentence imposed in the State of Georgia, Case No. Y23178."  The federal court further recommended "[s]ervice of sentence at Wilson State Prison, in Abbeville, Georgia, for a portion of his sentence.  It is also recommended that for his federal service, he serve in an institution where he can participate in a 500 hour drug treatment program."

Markland admits that he did not appeal his conviction or sentence; nor did he file any other motions or collateral attack with respect to his conviction or sentence.  He was designated to F.C.I. Fort Dix on May 12, 2004.  Markland's projected release date, assuming he earns his good time credits, is June 2011.

Markland now files this § 2241 habeas action asserting that the 120 month sentence is in error under 18 U.S.C. § 3585(b), because it violates the court's judgment.  In particular, Markland contends that he is entitled to 32 months credit for time served on his state sentence.  He seeks to have his federal sentence reduced to 88 months accordingly (120 months - 32 months

3

= 88 months).  The Bureau of Prisons ("BOP") had determined that the time served on the state sentence had already been credited against another sentence and therefore, Markland could not be credited for the same time against his 120 month federal sentence.  See 18 U.S.C. § 3585(b)(2).  Consequently, since the BOP cannot credit petitioner's federal sentence for time served on a state sentence, Markland asks the Court to enter an amended judgment of conviction and sentence, nunc pro tunc, amending his sentence from 120 months to 88 months.  Markland alleges that he has exhausted his administrative remedies with the BOP.  The respondents do not dispute this contention.

B.   Markland's Claim for Naturalization

Markland is a native and citizen of Jamaica.  He claims that his mother became a naturalized U.S. citizen on July 9, 1980 when Markland was still a minor at age 17.  Markland now seeks an evidentiary hearing on his citizenship status because an alien status in prison prevents his assignment to rehabilitative drug and alcohol programs, community correction centers, or a halfway house.  He further asks the Court to make a determination that his citizenship vested automatically on July 9, 1980, when his mother became naturalized, pursuant to 8 U.S.C. § 1432(a), and because a resident has a constitutional right to a judicial determination of a non-frivolous claim of citizenship when threatened with deportation.  Markland asserts that he should not

4

be required to exhaust his citizenship claim before the Immigration and Naturalization Service ("INS").[1]

Respondents contend that Markland's most recent immigration status is that of a lawful permanent resident alien. In early 1991, the INS had initiated deportation proceedings against Markland, but these proceedings were terminated in September 1991 after Markland's § 212(c) waiver application was granted. At the time Markland filed this petition and when the respondents answered the same, there were no removal proceedings pending and no immigration detainer lodged against Markland. Moreover, Markland has never filed or pursued an administrative claim of citizenship with the DHS.

## II.  ANALYSIS

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because

---

[1] The Homeland Security Act of 2002, 6 U.S.C. §§ 101-507, P.L. 107-296, 116 Stat. 2135 (Nov. 25, 2002), created the Bureau of Citizenship and Immigration Services ("BCIS") within the Department of Homeland Security ("DHS"), 6 U.S.C. § 271(a). The Act transferred the functions of the Commissioner of INS to Director of BCIS, 6 U.S.C. § 271(b), and abolished the INS, 6 U.S.C. §291.

Markland is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

A.  Jurisdictional Issue

Respondents move to dismiss Markland's habeas petition on the ground that this Court lacks subject matter jurisdiction because Markland is actually challenging the 120-month sentence itself as opposed to the implementation of the sentence. Thus, respondents contend that this action is more appropriately characterized as a motion under 28 U.S.C. § 2255, which must be brought in the district court where petitioner was sentenced. Furthermore, the Government argues that, even if the claim falls under Rule 36 of the Federal Rules of Criminal Procedure,[2] as Markland suggests in his petition, the appropriate forum is the sentencing court where Markland was convicted. See Accardi v. Blackwell, 412 F.2d 911, 912-14 (5th Cir. 1969).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence

---

[2]  Respondents contend that Rule 36 cannot be used to make a substantive change in a sentence. See United States v. Guevemont, 829 F.2d 423, 426 (3d Cir. 1987).

6

in the sentencing court.[3]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir.), cert. denied, 537 U.S. 1038 (2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test

---

[3] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district."  United States v. Hayman, 342 U.S. 205, 213-14 (1952).

7

the legality of the petitioner's detention.[4]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has

---

[4] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

8

expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.[5]

---

[5] Markland would not be able to proceed under § 2241 if this Court were to determine that the action is more appropriately a challenge to his sentence as imposed by the sentencing court under 28 U.S.C. § 2255.  Markland would be barred from filing a § 2255 because the one-year statute of limitations has expired for him and this inability to meet a gatekeeping requirement of § 2255 does not render relief under that statute inadequate or ineffective.

Under § 2255, a petitioner is limited to a one-year limitation period in which to file a motion to vacate or set aside his sentence.  Specifically, § 2255 provides, in pertinent part, that:
> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-
> 1) the date on which the judgment of conviction becomes final;
> 2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, the statute of limitations began to run when the judgment became final.  Markland does not assert, nor can this Court discern from the petition a basis for concluding that any of the other three triggers from which to calculate the limitations period are relevant.

In cases where a defendant does not seek direct review by the Court of Appeals, such as here, a conviction becomes final on

On the other hand, 28 U.S.C. § 2241[6] "is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d

---

the date on which the time for filing a direct appeal expires. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Under the Federal Rules of Appellate Procedure, a defendant must file a notice of appeal in the district court where he was convicted or sentenced within ten days of the entry of judgment. Fed.R.App.P. 4(b). Consequently, if a defendant does not file a notice of appeal within ten days from the entry of his judgment of conviction, that conviction becomes "final" for purposes of triggering the statute of limitations under § 2255, and the one-year time period begins to run.

Here, Markland was sentenced on October 29, 2002, and he admits that he did not file a direct appeal. Thus, his conviction became final ten days after the judgment was entered on October 29, 2002, or on or about November 8, 2002. The one-year limitation period started to run on or about November 8, 2002, and concluded on or about November 8, 2003. Markland did not file this action until September 27, 2005 (the postage date of his petition). See Houston v. Lack, 487 U.S. 266, 276 (1988)(a petition is deemed "filed" when the petitioner hands it to prison officials to be mailed to the Court for filing); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution). This was long after the limitation period had expired.

[6]   Section 2241 provides in relevant part:
   (c) The writ of habeas corpus shall not
   extend to a prisoner unless- . . . He is in
   custody in violation of the Constitution or
   laws or treaties of the United States.
28 U.S.C. § 2241(a), (c)(3).

871, 874 (3d Cir.)(challenging erroneous computation of release date), cert. denied, 429 U.S. 851 (1976).  See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

 Moreover, if the BOP erred in calculating Markland's sentence by not applying credit for the state sentence retroactively, as alleged, the addition of 32 months (the amount of the alleged credit) carries a potential for a miscarriage of justice that can be corrected through habeas corpus.  Murray v. Carrier, 477 U.S. 478, 495 (1986); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).

 Accordingly, this Court would have subject matter jurisdiction under § 2241 to consider this matter if Markland seeks not to vacate or correct his sentence, but instead challenges the execution of the sentence based on the BOP's alleged error in not giving him credit against his federal sentence for the full time served in state court prior to the imposition of the federal sentence.  See Barden v. Keohane, 921 F.2d at 478-79; 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998).

 Here, Markland inartfully argues that this Court should correct or modify the sentence from 120 months to 88 months in prison, nunc pro tunc, to reflect the sentencing court's intent to have his federal sentence run retroactively concurrent with

the related state court sentence imposed before the federal sentence was imposed.  It further appears that Markland seeks this relief based on the BOP's determination that the 32 months in question have already been credited against another sentence, and cannot be used for credit against Markland's 120-month federal sentence pursuant to 18 U.S.C. § 3585(b)(2).[7]  Thus, giving petitioner all favorable inferences as the non-moving party on this motion to dismiss, the Court finds that Markland is actually challenging the BOP's effectuation of his sentence contrary to the sentencing court's intent to have his federal sentence retroactively concurrent with his state court sentence

---

[7] Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit").
> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

referenced in the judgment of conviction.  Markland is simply claiming that he is entitled to a 32-month credit for time served in state custody as allegedly intended by the sentencing court, and which the BOP refuses to implement.  Such a claim clearly falls under § 2241 because it is based on a challenge to the BOP's execution of petitioner's sentence.[8]

Moreover, Markland labels his petition as a habeas action under 28 U.S.C. § 2241, and the Court is obligated to liberally construe a pro se prisoner's claims.  Accordingly, because the Court finds that Markland is actually challenging the BOP's computation of pre-custody credits, which relates to the execution rather than the validity of the sentence imposed, the Court will deny respondents' motion to dismiss for lack of jurisdiction.[9]

Respondents will be directed to answer the petition on this issue, and provide the Court with the relevant record to determine whether the sentencing court intended the federal

---

[8] As Markland is currently in custody in the District of New Jersey and the named respondent/custodian of petitioner is within the jurisdiction of this District Court, the Court has jurisdiction over this petition under § 2241.  See 28 U.S.C. § 2241(a).

[9] The Court addresses only the jurisdictional argument raised by respondents in their motion to dismiss, and does not rule on, or consider, the merits of petitioner's sentencing claim at this time.  Indeed, respondents did not provide the Court with the relevant record for a review of the merits of petitioner's claim, as the respondents raised only the jurisdictional argument in its moving papers.

sentence to be retroactively concurrent to the Georgia state court sentence.

B.  <u>Immigration Claims</u>

The Government also moves to dismiss Markland's remaining claims, which (1) seek an evidentiary hearing on his derivative citizenship, and (2) challenge the filing of a detainer in the future.  These motions will be granted.

    1.  *Derivative Citizenship Claim*

Markland asks this Court to make a determination that his citizenship vested automatically on July 9, 1980, when his mother became a naturalized U.S. citizen.  He admits that he has not exhausted his citizenship claim with the DHS or BCIS, and there is no allegation that removal proceedings or a citizenship application are pending.

Federal statute and regulations provide an administrative process for aliens to apply for derivative citizenship and appeal an unfavorable determination.  8 U.S.C. § 1452(a); 8 C.F.R. §§ 341.1, 103.3(a).  <u>See</u> <u>Ewers v. INS</u>, 2003 WL 2002763, *2 (D.Conn., Feb. 28, 2003).  Moreover, federal law requires that the alien exhaust all available administrative remedies before seeking judicial review with respect to a claim of citizenship, whether it is raised in a removal proceeding or through the filing of an application for declaration of citizenship.  <u>See</u> 8 U.S.C. § 1252(b); 8 U.S.C. § 1503(a); <u>see</u> <u>also</u> <u>Massieu v. Reno</u>, 91 F.3d 416, 426 (3d Cir. 1996); <u>United States v. Breyer</u>, 41 F.3d 884, 891-92 (3d Cir. 1994); <u>McKenzie v. INS</u>, 2005 WL 452371, *4

(E.D.Pa., Feb. 23, 2005); Ewers, supra. This requirement is jurisdictional. See Duvall v. Ellwood, 336 F.3d 228, 233 (3d Cir. 2003); Breyer, 41 F.3d at 891-92.

The Government confirms that Markland's immigration file shows no application for derivative citizenship. Markland has not availed himself of the administrative process necessary to a claim of citizenship. Therefore, this Court lacks subject matter jurisdiction to adjudicate Markland's claim of derivative citizenship, and respondents' motion to dismiss this claim will be granted.

2. *Immigration Detainer Claim*

Finally, Markland appears to challenge the possibility of a future detainer that may be lodged by the DHS, which would restrict his placement and transfer in BOP facilities (*i.e.,* rehabilitative drug and alcohol programs, camp, halfway houses, etc.). The Government asserts that this claim is not ripe for judicial action because a detainer has not yet been lodged and there is no indication that one will be lodged in the near future.

Ripeness, like other justiciability doctrines, ultimately derives from Article III's requirement that federal courts may decide only cases and controversies. See Nextel Communications of the Mid-Atlantic, Inc. V. City of Margate, 305 F.3d 188, 192 (3d Cir. 2002). Considerations of ripeness are sufficiently

important that courts are required to raise the issue <u>sua sponte</u>, even when the parties do not question jurisdiction. <u>Nextel Communications of th Mid-Atlantic, Inc.</u>, 305 F.3d at 192.

"The function of the ripeness doctrine is to determine whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." <u>Peachlum v. City of York, Pennsylvania</u>, 333 F.3d 429, 433 (3d Cir. 2003)(citations omitted). "The ripeness doctrine prevents judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." <u>Lauderbaugh v. Hopewell Twp.</u>, 319 F.3d 568, 575 (3d Cir. 2003).

The Supreme Court has stated that to meet the ripeness standard, plaintiffs must show either a specific present objective harm or the threat of specific future harm. <u>Laird v. Tatum</u>, 408 U.S. 1, 14 (1972). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." <u>Texas v. United State</u>, 523 U.S. 296, 300 (1998)(internal citations omitted). In other words, the plaintiff must allege that he has suffered an 'injury in fact' - an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." <u>Lujan v.</u>

17

Defenders of Wildlife, 504 U.S. 555, 560 (1992)(internal citations omitted).

Here, Markland has not demonstrated any actual injury, and he faces no direct, immediate plight because a detainer has not yet been lodged against him by the DHS/ICE.  Thus, without an injury in fact, Markland has failed to show a justiciable case or controversy, and his claim is subject to dismissal for want of jurisdiction.[10]

---

[10] This Court notes that even if there is the likelihood of a detainer in the near future, Markland would not be able to establish that it infringes on a legally protected interest or right.  In general, an inmate does not have a liberty interest in assignment to a particular institution or to a particular security classification.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne v. Haymes, 427 U.S. 236, 243 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)(noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"); Newell v. Brown, 981 F.2d 880, 883 (6th Cir. 1992), cert. denied, 510 U.S. 842 (1993); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986).  See also Sandin v. Connor, 515 U.S. 472, 484-86 (1995)(holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"); Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 463 (1989)(holding that a liberty interest arises only where a statute or regulation uses "explicitly mandatory language" that instructs the decision-maker to reach a specific result if certain criteria are met); Walker v. Hughes, 558 F.2d 1247, 1252 (6th Cir. 1977)("Federal statutory law gives federal prison officials full discretion in the treatment of prisoners and does not restrict the authority of prison officials over the inmates as to placement in more restrictive living status, transfer to other prisons, subjection to significant and adverse effects on parole dates, and deprivation of privileges."); Sesler v. Pitzer,

III.  CONCLUSION

For the reasons set forth above, the Government's motion to dismiss the petition will be granted in part and denied in part. As to Markland's claim for an evidentiary hearing and judicial determination on his derivative citizenship, and his claim against the possible issuance of a detainer by the DHS/ICE, these claims will be dismissed for lack of subject matter jurisdiction. However, as to the claim challenging the BOP's implementation of Markland's sentence without giving him credit for the 32 months served on a state court sentence before the imposition of the federal sentence, the Government's motion to dismiss is denied. The Court has jurisdiction over this claim pursuant to 28 U.S.C. § 2241.  Respondents will be directed to answer the petition as to this claim only, and to provide the relevant record to the Court.  Petitioner's counter-motion will be denied at this time. An appropriate order follows.

>                             s/Freda L. Wolfson
>                             FREDA L. WOLFSON
>                             United States District Judge

Dated: June 12, 2006

---

926 F. Supp. 130 (D. Minn. 1996)(Congress has given the BOP broad power of discretion in the area of sentence reductions in connection with drug rehabilitation programs), aff'd, 110 F.3d 569 (8th Cir.), cert. denied, 522 U.S. 877 (1997).  Thus, to the extent that Markland complains that a detainer would limit his placement or transfer to a camp or halfway house, or other BOP facility, he does not have a cognizable liberty interest in such a transfer or placement.