NOT FOR PUBLICATION

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PAUL MARKLAND, | Civil No.  05-4708 (NLH) |
| Petitioner, | |
| v. | **OPINION** |
| WARDEN JOHN NASH, et al., | |
| Respondents. | |

**APPEARANCES:**

    PAUL MARKLAND, Plaintiff pro se
    # 18986051
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640

    Christopher J. Christie, United States Attorney
    J. Andrew Ruymann, Assistant U.S. Attorney
    402 East State Street
    Room 430
    Trenton, New Jersey  08608

**HILLMAN, District Judge**

    Petitioner, Paul Markland ("Markland"), a federal prisoner confined at F.C.I. Fort Dix in Fort Dix, New Jersey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner asks the Court to correct a clerical error in his sentence, changing his sentence, nunc pro tunc, from 120 months to 88 months to effectuate the sentencing court's intent to have petitioner's federal sentence made retroactively concurrent with his state court sentence.

Respondents had filed a motion on November 28, 2005, seeking to dismiss the petition for lack of jurisdiction. On June 12, 2006, the Honorable Freda L. Wolfson, U.S.D.J. denied respondents' motion to dismiss Markland's petition as to the claim regarding the Bureau of Prisons' ("BOP") sentence calculation.[1] Respondents were directed to answer the petition and provide the relevant record with respect to this claim within 30 days.

After several extension requests to obtain relevant records, including the applicable federal sentencing transcript, the Government filed an answer on September 19, 2006, and submitted the relevant record under seal, pursuant to this Court's July 11, 2006 Order.[2] Markland filed objections to the Government's answer on November 15, 2006.

---

[1] Markland had raised other claims in his petition, namely, that the Court take judicial notice of an administrative decision rendered by the United States Citizenship and Immigration Service and schedule an evidentiary hearing on the issue of his detainer and derivative citizenship claims. These claims were dismissed by Opinion and Order entered on June 12, 2006 (Docket Entry Nos. 11 & 12), for lack of subject matter jurisdiction.

[2] On July 11, 2006, the Court granted respondents' request to file documents under seal. Specifically, petitioner's presentence investigation report, attached as Exhibit 4 to the Declaration of Ronald W. Riker (a BOP Operations Manager), was not provided to Markland because he is prohibited from retaining his presentence investigation report under BOP Program Statement 1351.05, ¶ 12. The applicable pages from Markland's presentence investigative report are available for his review upon request at FCI Fort Dix.

## I. BACKGROUND

On March 2, 1994, a federal grand jury in the United States District Court for the District of New Mexico returned an indictment against Markland and others, charging them with several counts of cocaine trafficking violations, which occurred in 1992. On July 27, 1999, Markland was arrested on unrelated cocaine trafficking charges in the State of Georgia, Superior Court, Fulton County, GA, Case No. Y23178. Petitioner pled guilty and was sentenced in a Georgia state court to a twenty year prison term on April 28, 2000. The State of Georgia awarded Markland with 173 days prior custody credit for the period of August 12, 1999 through January 31, 2000. Markland remained in either state or federal custody since his arrest on July 27, 1999.

On November 21, 2001, Markland appeared before the United States District Court for the District of New Mexico, pursuant to a writ of habeas corpus ad prosequendum, on the 1994 federal indictment. On June 10, 2002, Markland entered a plea of guilty to Count I of the indictment (conspiracy to possess with intent to distribute and distribution of cocaine base in excess of 50 grams, in violation of 21 U.S.C. § 846). On October 29, 2002, the federal court in the District of New Mexico sentenced Markland to 120 months in prison with 5 years supervised release.

In the federal plea agreement, the parties agreed that "[t]he sentence in this matter shall be served concurrent with the sentence imposed in the Superior Court of Fulton County, State of Georgia, Criminal Action No. 1/23178." Further, the agreement stated that petitioner "recognizes that this plea agreement has already conferred a benefit upon him and that no downward departure from the applicable guideline range is appropriate."[3] (Plea Agreement, Riker Declaration at Exhibit 5, p.3).

The United States District Court for the District of New Mexico entered a Judgment and Commitment Order on October 29, 2002. The Judgment and Commitment Order stated that "[t]his term shall run concurrently to sentence imposed in the State of Georgia," and further recommended "[s]ervice of sentence at Wilson State Prison, in Abbeville, Georgia, for a portion of his sentence. It is also recommended that for his federal service, he serve in an institution where he can participate in a 500 hour drug treatment program." (Judgment and Commitment Order, Riker Decl. at Ex. 3, p. 2).

---

[3] The guideline range in this instance would have been 262 months to 327 months, given Markland's total offense level of 35 and criminal history category of V, but for the Rule 11(e)(1)(C), Fed.R.Crim.P., plea agreement, or more if convicted at trial (imprisonment for a period of not less than ten (10) years nor more than life imprisonment). (Judgment and Commitment Order, Riker Decl. at Ex. 3).

The Judgment and Commitment Order also states that the court departed from the guideline range due to the Rule 11(e)(1)(C) plea agreement, and that the court "accepts the plea agreement which includes a specific sentence of one hundred and twenty (120) months, as the Court is satisfied the agreed sentence departs for justifiable reasons." (Judgment and Commitment Order, Riker Decl. at Ex. 3, pp. 6-7).

Markland relies on the October 29, 2002 transcript of the federal sentencing proceeding. The transcript shows that Markland was produced in court on a writ of habeas corpus ad prosequendum, and that his State of Georgia sentence was undischarged and ongoing. The sentencing judge expressly stated he planned to commit Markland to the custody of the BOP, but to designate the Georgia state prison for service of Markland's federal sentence. (October 29, 2002 Sentencing Transcript ("ST") at 4:4-20). The court sentenced petitioner as follows:

> The court adopts the Pre-Sentence Report factual findings and guideline applications. Defense level is 35 and criminal history category is five.
>
> The guideline imprisonment range is 262 to 327 months, pursuant to 11(e)(1)(C) of the Federal Rules of [Criminal] Procedure of which includes a specific sentence of 120 months. The Court is satisfied that the agreed sentence depart[s] for justifiable reasons.
>
> The Court notes that the defendant has participated with others to distribute more than fifty cocaine base in Albuquerque, New Mexico.
>
> Furthermore, the defendant has an extensive criminal history. As to Count I of the indictment, CR-94-119, the

5

> defendant, Paul Markland, is committed to the custody of the Bureau of Prisons for a term of 120 months, pursuant to the United States Sentencing Guidelines, Section 5(G) 13 [sic], which is a policy statement. And it's pursuant to the stipulation in the plea agreement the defendant sentence shall run concurrently to his sentence in State of Georgia County, case number Y-2317-A.
>
> The court recommends the Bureau of Prisons designate Wilcox state prison in Abbeville, Georgia as a facility, as a designation for a portion of the defendant's sentence.
>
> Court further recommends that defendant participate in a 500 hour drug treatment program, while in the Bureau of Prisons. The defendant is placed on supervised release for a term of five years.

(ST 5:23-6:25).[4]

Markland was paroled from his state sentence on February 18, 2004 and was transferred to the custody of the BOP accordingly. He was designated to F.C.I. Fort Dix on May 12, 2004. At that time, the BOP calculated petitioner's sentence. The BOP granted Markland a nunc pro tunc designation to allow his federal sentence to commence on the day it was imposed, October 29, 2002. The BOP also awarded petitioner 17 days jail credit for September 29, 2002, and the period July 27, 1999 through August 11, 1999, because Markland was in custody for those times after the date of the offense and had not been awarded any credit for that time by the State of Georgia. (Riker Decl. at ¶ 7). Markland's

---

[4] The transcript indicates an error in reference to section 5(G) 13 of the U.S. Sentencing Guidelines Manual, which section number does not exist. The correct reference is 5G1.3 of the U.S. Sentencing Guidelines Manual.

projected release date from his federal sentence is June 29, 2011. (Riker Decl. at ¶¶ 7, 8).

### III. CLAIMS PRESENTED

Markland claims that his 120 month sentence is in error under 18 U.S.C. § 3585(b), because it violates the intent of the federal sentencing court's order. Markland contends that he is entitled to a 32-month credit for time served on his state sentence. In other words, he seeks to have his federal sentence reduced to 88 months (120 months - 32 months = 88 months), because the federal sentencing court had intended that Markland's federal sentence be made to run retroactively concurrent with his then-existing state court sentence.

Respondents counter that the BOP properly calculated Markland's sentence and that petitioner's claim for a retroactively concurrent sentence is unavailing.

Markland alleges that he has exhausted his administrative remedies with the BOP. Respondents do not dispute this contention.

### IV. ANALYSIS

A. Standard of Review

Markland seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Because Markland is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

B. Computation of Federal Sentence

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, see 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329 (1992), and has delegated that authority to the Director of the Bureau of Prisons under 28 C.F.R. § 0.96 (1992). See United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the

extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit").

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

There are three ways that an inmate can accrue federal jail credit: (1) credit for time spent in custody while actually serving a federal sentence; (2) credit for prior custody under 18 U.S.C. § 3585(b); and (3) credit for time spent in non-federal pre-sentence custody during which the inmate is denied bail because of a federal detainer, commonly referred to as "Willis" credit. See Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

Section 3585(b) allows an inmate to use time served in custody prior to the imposition of a sentence towards the

completion of that sentence when the custody was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." This last clause provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence. The Supreme Court has made clear that inmates are not allowed to "double count" credit. See United States v. Wilson, 503 U.S. 329 (1992).

While § 3585(b) governs calculation of a sentence by the BOP, § 3584 gives the federal sentencing court the power to impose a sentence that runs concurrent to a state sentence. Section 3584 provides:

> (a) Imposition of concurrent or consecutive term. - If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
>
> (b) Factors to be considered in imposing concurrent or consecutive terms. - The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which

>   a term of imprisonment is being imposed, the factors set forth in section 3553(a).
>
>   (c) Treatment of multiple sentence as an aggregate. – Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584; see also Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2002)(sentencing court has authority under 18 U.S.C. § 3584 and United States Sentencing Guidelines § 5G1.3(c) to order a federal sentence to be fully and retroactively concurrent to a state sentence the defendant was already serving).

Here, respondents correctly assert that § 3585(b)(2) does not allow the BOP to give Markland credit for the period of time before the imposition of his federal sentence (October 29, 2002), which was credited towards his state sentence. The BOP properly awarded Markland prior custody credit for those times, September 29, 2002, and July 27, 1999 through August 11, 1999, after the date of the federal offense, that was not awarded any credit by the State of Georgia.

Moreover, under § 3585(a), Markland's sentence would have commenced on February 18, 2004, the date he was paroled from his state sentence and transferred to federal custody. However, pursuant to § 3584 and U.S.S.C. § 5G1.3(c),[5] the federal

---

[5] A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment.  18 U.S.C. § 3584(a).  Further, under the

11

sentencing court determined that Markland's federal sentence would run concurrently to the then undischarged portion of Markland's State of Georgia sentence. In order to effectuate the sentencing court's order and intent to run the sentences concurrently, the BOP granted a nunc pro tunc designation and calculated Markland's federal sentence as commencing on October 29, 2002, the date it was imposed.

This Court finds that, pursuant to the nunc pro tunc designation and the stricture of § 3585(a), petitioner's federal sentence could not have commenced any earlier than the date it was imposed, unless the sentencing court had expressly intended that the sentence be retroactively concurrent with the state sentence.

C. Retroactively Concurrent Federal Sentence

In this case, Markland contends that his federal sentence commenced earlier than the date it was imposed, October 29, 2002, because the sentencing judge intended that the federal sentence was to run retroactively concurrent with the state sentence. He asserts that the sentence was to apply to the entire undischarged portion of Markland's preexisting state sentence from July 27,

---

United States Sentencing Guidelines ("U.S.S.G.") §5G1.3(b), a concurrent sentence is mandatory and shall be imposed to run concurrently to an undischarged sentence when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense."

1999. Thus, the BOP should have credited Markland with 32 months for the time he spent in state custody before the federal sentence was imposed. As noted in the section above, the BOP denied Markland credit for the 32 months because the State of Georgia had already credited Markland for time served on his state sentence, pursuant to § 3585(b).

In Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002), the United States Court of Appeals for the Third Circuit held that in imposing a sentence, a district court may grant an adjustment for time served on a preexisting sentence pursuant to U.S.S.G. § 5G1.3(c). Under Ruggiano, a sentencing court may exercise this option to grant an adjustment under § 5G1.3(c) by making the federal sentence concurrent with the state sentence for the full period of the preexisting sentence (retroactively concurrent) or only concurrent for the remainder of the preexisting sentence from the date when the federal sentence was imposed.

In Ruggiano, the sentencing judge stated "that he thought it appropriate to go ahead and recommend that [Ruggiano's sentence] be served concurrently and that he receive credit for the amount of time that he served there." Id., 307 F.3d at 124. "Then, in his written judgment, [the sentencing judge] recited that Ruggiano's sentence was to 'run concurrent with State sentence. Defendant to receive credit for time served.'" Id. The Third Circuit found that this language conveyed an intent of the

13

sentencing judge to grant an adjustment by making the federal sentence retroactively concurrent for the entire period of the state sentence pursuant to § 5G1.3(c).

Here, this Court has reviewed the judgment of conviction, the sentencing transcript, and the plea agreement, and finds no similar language to suggest that the sentencing judge intended the federal sentence to run retroactively concurrent with the state sentence. In comparing the language of the sentencing judge in <u>Ruggiano</u> with the language of the sentencing judge in this case, this case is clearly distinguishable from <u>Ruggiano</u>. In this case, the sentencing judge merely stated that, "pursuant to the stipulation in the plea agreement the defendant['s] sentence shall run concurrently to his sentence in the State of Georgia." (ST 6:12-16). There was no reference to past credit for time served on the state sentence before the federal sentence was imposed. The sentencing transcript also clearly conveys the intent that the concurrent status of the federal sentence was to begin on the date that the federal sentence commenced, the date it was imposed.[6]

---

[6] While the sentencing judge referred to § 5G1.3 policy statement, this reference does not conclusively prove that the judge intended the federal sentence to run retroactively concurrent to the state sentence from the date of the prior sentence's inception. Under § 5G1.3(c), the court may impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). The Court rejects petitioner's argument in

In contrast, the Ruggiano sentencing judge stated that the federal and state sentences were to run concurrently and then added the language "Defendant to receive credit for time served" and "he shall receive credit for the amount of time he served there [state sentence]." This additional language expresses a clear intent to grant an adjustment under § 5G1.3(c) by making the sentence retroactively concurrent to cover the entire time that Ruggiano spent serving his state sentence.

Moreover, because the imposition of a concurrent sentence normally means that the sentence being imposed is to run concurrently with the *undischarged* portion of the earlier-imposed sentence, it is unlikely that a sentencing court would deviate from the norm and impose a retroactively concurrent sentence without any discussion. See 18 U.S.C. § 3584; Ruggiano v. Reish, 307 F.3d 121, 133 (3d Cir. 2002). Here, there was no discussion that would suggest that the sentencing court intended a retroactively concurrent sentence.

---

his objections to the answer (Docket Entry No. 28) that there is uncertainty about the sentencing court's intent regarding the reference to § 5G 13. While it may likely have been a typographical error, it is clear that the court was referring to § 5G1.3(c) because he referred to it as the policy statement, and § 5G1.3(a) and (b) do not apply here. Further, the sentencing court's general reference to § 5G1.3 does not suggest that the court intended the sentence to run retroactively concurrent. Section 5G1.3(c) give a district court broad discretion in imposing retroactively concurrent, partially concurrent, or consecutive sentences.

In cases where the reviewing court found that the sentencing judge intended to impose a retroactively concurrent sentence, the sentencing court had engaged in a dialog on the issue of credit for time served and had explicitly directed that the defendant receive credit retroactive to the commencement date of defendant's earlier-imposed sentence. Ruggiano, 129 F.3d at 131, 135. While the sentencing judge need not cite applicable statutory or sentencing guidelines when imposing the sentence, see Ruggiano, 129 F.3d at 134, in this case, there is simply no expression of intent to impose a retroactively concurrent sentence as that found in Ruggiano. Thus, the Court finds that without specific direction from the sentencing court in this case, the BOP's decision concerning the calculation of Markland's sentence and the award of credit is mandated and limited by 18 U.S.C. § 3585(a) and (b).

Furthermore, the Court concludes that the use of the term "concurrent" by the sentencing judge in the judgment of conviction means concurrent commencing on the date the federal sentence is imposed and does not mean retroactively concurrent to the first date in custody on the State of Georgia's sentence. Generally, use of "concurrent" has that meaning, provided there is no additional language which conveys a contrary intent. If a sentencing judge intends to grant an adjustment by imposing a retroactive concurrent sentence, then he or she will add

additional language such as was done in <u>Ruggiano</u>. Therefore, this Court determines that the sentencing judge in this case intended that the federal sentence run concurrently with the state sentence commencing on the effective date of the federal sentence, namely October 29, 2002, which was the date on which the federal sentence was imposed. The Court finds no evidence that the sentencing judge intended to grant any adjustment for time served under the state sentence prior to October 29, 2002. The sentencing judge's reference to § 5G1.3(c) alone, without more, does not indicate that the court intended the federal sentence to run retroactively concurrent. Subsection (c) affords the court wide latitude in fashioning an appropriate sentence.

Finally, the parties reached a plea agreement clearly showing an appropriate sentence of 120 months, which is less than half what Markland would have otherwise been sentenced under the sentencing guidelines, given the offense level and petitioner's criminal history. There is no indication from the plea agreement, the judgment and conviction order, or the sentencing transcript that the parties intended Markland to receive a retroactively concurrent sentence in addition to the significant downward departure he received with the 120 month sentence.

Indeed, Markland's argument is undermined by the Third Circuit's non-precedential opinion in which the court concluded that its prior holding in <u>Ruggiano</u> had been abrogated by

17

Application Note 3(E) to U.S.S.G. § 5G1.3. United States v. Destio, 153 Fed. Appx. 888 (3d Cir. Nov. 14, 2005)(non-precedential). See also United States v. Simmons, 450 F. Supp.2d 574 (E.D.Pa. 2006). The Third Circuit explained in Destio that "[a]lthough application note 3(E) clearly allows a district court to give credit for time served on a pre-existing sentence in extraordinary circumstances, it also clearly states that such credit is properly deemed a downward departure and not an adjustment." Destio, 153 Fed. Appx. at 894 n.6.

Here, Markland's argument to make his sentence retroactively concurrent is tantamount to a request for a downward departure because he seeks a further reduction in his 120-month sentence to 88 months in prison. However, as noted above, the plea agreement was explicitly clear that a downward departure is inappropriate. The agreement states: "The defendant recognizes that this plea agreement has already conferred a benefit upon him and that no downward departure from the applicable sentencing guideline range is appropriate." (Plea Agreement, Riker Decl., Ex. 5 at pg. 3). Further, the sentencing judge commented: "The guideline imprisonment range is 262 to 327 months, pursuant to 11(e)(1)(C) of the Federal Rules of Procedures of which includes a specific sentence of 120 months. The Court is satisfied that the agreed sentence depart[s] for justifiable reasons." (ST 6:1-5).

Therefore, this Court finds that the sentencing court did not intend any further downward departure, and that the 120 month sentence would run concurrently with the state sentence from the date the federal sentence was imposed. Accordingly, the writ of habeas corpus will be denied.

## V. CONCLUSION

Based on the foregoing, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby denied. An appropriate Order accompanies this Opinion.

*Noel L. Hillman*
NOEL L. HILLMAN
United States District Judge

Dated: March 7, 2007
At Camden, New Jersey